

Priority ✓
Send ✓
Enter ✓
Closed ✓
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

CC: Bankruptcy

FILED
CLERK U.S DISTRICT COURT
AUG 2 – 2005
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION     BY DEPUTY

ENTERED – EASTERN DIVISION
CLERK, U.S. DISTRICT COURT
AUG – 3 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

BKcy Ad. RS-ADV 04-2081

| | |
|---|---|
| INFRASTRUCTURE SERVICE COMPANY, LLC f/k/a OCEAN ATLANTIC DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN FIRESTONE, HUB MANAGEMENT, and DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d)** | ED CV 04-878 RT (SGLx)<br><br>ORDER (1) DENYING PLAINTIFF INFRASTRUCTURE SERVICE COMPANY, LLC'S MOTION FOR RELIEF FROM PLAINTIFF'S UNTIMELY FILING OF OBJECTIONS RESULTING IN THE COURT'S ORDER ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE BANKRUPTCY JUDGE PURSUANT TO 28 U.S.C. § 157(c)(1), APPROVING THE BANKRUPTCY JUDGE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND GRANTING DEFENDANTS JOHN FIRESTONE'S AND HUB MANAGEMENT'S SPECIAL MOTION TO STRIKE THE COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16; AND (2) DENYING RECONSIDERATION OF SUCH ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b). |

The court, Judge Robert J. Timlin, has read and considered Plaintiff Infrastructure Service Company, LLC, f/k/a Ocean Atlantic Development, LLC ("Plaintiff")'s motion for relief from Plaintiff's untimely filing of objections resulting in the court's order accepting and adopting the report and recommendation of the bankruptcy judge pursuant to 28 U.S.C. § 157(c)(1), approving the bankruptcy judge's proposed findings of fact and conclusions of law, and granting Defendants John Firestone ("Firestone") and Hub Management (collectively, "Defendants")' special motion to

strike the complaint pursuant to California Code of Civil Procedure § 425.16 and reconsideration of such order pursuant to Federal Rules of Civil Procedure, Rule 60(b) ("Rule 60(b)"), Defendants' opposition, and Plaintiff's reply. Based on such consideration, the court concludes as follows:

## I.

## BACKGROUND

This action arose from a real estate transaction in which Plaintiff contracted for the purchase of property in Temecula, California from Defendants. After Firestone wrote a letter to the Temecula City Council, Plaintiff sued Defendants in the State of California Superior Court, Riverside County ("state court") for specific performance and damages. Defendants filed a motion to strike Plaintiff's complaint pursuant to California Code of Civil Procedure § 425.16 ("Anti-SLAPP motion"). Plaintiff filed a Chapter 11 bankruptcy case in Delaware on July 15, 2004, and removed the state court action to this court. On October 29, 2004, this court referred the action to the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court").

The Bankruptcy Court, the Honorable Meredith Jury ("Judge Jury"), determined that the action was a non-core proceeding under 28 U.S.C. § 157(b)(3). On January 13, 2005, Judge Jury held a hearing on the Anti-SLAPP motion. At the request of Judge Jury, Defendants filed proposed findings of fact and conclusions of law. Plaintiff filed objections to Defendants' proposed findings of fact and conclusions of law, and Defendants filed a response to Plaintiff's objections. Judge Jury adopted Defendants' proposed findings of fact and conclusions of law with certain changes based on some of Plaintiff's objections.

On April 8, 2005, Judge Jury submitted her report and recommendation and her proposed findings of fact and conclusions of law to this court. On the same day, copies of these documents were sent to each party to this action. On June 1, 2005, Plaintiff filed objections in this court to Judge Jury's proposed findings of fact and conclusions of law. Defendants responded to Plaintiff's objections on June 14, 2005. On June 21, 2005, this court issued an order (1) accepting and adopting Judge Jury's report and recommendations, (2) approving Judge Jury's proposed findings of fact and conclusions of law, and (3) granting Defendants' Anti-SLAPP motion ("June 21 order").

On July 1, 2005, Plaintiff filed this Rule 60(b) motion.

## II.

## ANALYSIS

### A. Legal Standard for Rule 60(b) Motion

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect." "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000).

### B. Applicability of Rule 60(b)

Plaintiff contends that it is entitled to relief from, and reconsideration of, the court's June 21 order pursuant to Rule 60(b) because the untimely filing of objections to Judge Jury's proposed findings of fact and conclusions of law was due to excusable neglect, mainly its counsel's busy trial schedule and a calendaring error that delayed his awareness of the service of Judge Jury's report and recommendations and proposed findings of fact and conclusions of law.

Federal Rules of Bankruptcy Procedure, Rule 9033 specifies the procedures for submitting objections to a bankruptcy judge's proposed findings of fact and conclusions of law. After being served with a copy of the proposed findings of fact and conclusions of law, a party has ten days to file written objections with the bankruptcy court clerk. Fed. R. Bankr. P. 9033(b) ("Rule 9033(b)"). A party may respond to another party's objections within ten days of being served with those objections. Id. A bankruptcy judge "may for cause extend the time for filing objections by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule." Fed. R. Bankr. P. 9033(c) ("Rule 9033(c)"). However, "[a] request to extend the time for filing objections must be made before the time for filing objections has expired, *except that a request made no more than 20 days after the expiration of the time for filing objections may be granted upon a showing of excusable neglect.*" Id. (emphasis added). A bankruptcy court may

3

<code>
</code>

1  enlarge the time for taking action under Rule 9033 "only to the extent and under the conditions
2  stated in" that rule. Fed. R. Bankr. P. 9006(b)(3) ("Rule 9006(b)(3)").

3        In light of the express instruction of Rule 9006(b)(3), it is clear that a party must comply
4  with the specific time limitations in Rule 9033(c) in order for the bankruptcy court to consider
5  untimely objections based on excusable neglect. See In re Hill, 811 F.2d 484, 486-487 (9th Cir.
6  1987) (requiring strict adherence to Federal Rule of Bankruptcy Procedure, Rule 4007(c) ("Rule
7  4007(c)")'s sixty-day time period for the filing of a complaint to determine the dischargeability of
8  any debt because that time period could not be enlarged under Rule 9006(b)(3)). The Ninth Circuit
9  Court of Appeals ("Ninth Circuit") has rejected the contention that Rule 60(b) can relieve a party
10 from the filing deadline of a bankruptcy rule listed in Rule 9006(b)(3). See In re Gordon, 988 F.2d
11 1000, 1001 (9th Cir. 1993) (holding that In re Hill disposed of the contention that a party could be
12 relieved from the Rule 4007(c) deadline under a Rule 60(b) motion based on excusable neglect).

13       The court is bound in this action to follow Rule 9033, which governs the district court's
14 review of a bankruptcy judge's proposed findings of fact and conclusions of law in a non-core
15 matter. See Fed. R. Bankr. P. 9033(d) ("Rule 9033(d)"); see also In re Yochum, 89 F.3d 661, 672
16 (9th Cir. 1996); In re King-Wilson, 1998 WL 737997, at *3 (N.D. Cal. Oct. 14, 1998); In re
17 Murray, 1995 WL 747446, at *2 (D. Or. Dec. 12, 1995). Similarly, the court is bound by the Ninth
18 Circuit precedent cited above as it applies to the timeliness requirements of Rules 9033(b) and (c).
19 See Hoeun Yong v. INS, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000). Therefore, since Rule 9033
20 does not provide for the consideration of any written objections at the district court level other than
21 those already made at the bankruptcy court level, the court must follow the timeliness mandates of
22 Rule 9033(b) and (c) in reviewing a bankruptcy judge's proposed findings of fact and conclusions
23 of law under Rule 9033(d).

24       On April 8, 2005, Judge Jury served copies of her proposed findings of fact and
25 conclusions of law with her report and recommendation on Plaintiff's counsel. Plaintiff's counsel
26 did not file objections until June 1, 2005, which was not within ten days of being served with these
27 documents, as required by Rule 9033(b). Plaintiff did not request a twenty-day extension for cause
28

4

pursuant to Rule 9033(c) before the expiration of the ten-day period set out in Rule 9033(b). Most importantly for the purposes of this motion, Plaintiff did not make a request for an extension of time based on excusable neglect within twenty days after the expiration of the ten-day period for filing objections. As discussed above, Rule 9033(c) only provides for an extension based on excusable neglect within that time period and that time period cannot be enlarged under Rule 9006(b)(3), so Rule 60(b) cannot be used to enlarge the time requirements in Rule 9033. See In re Hill, 811 F.2d at 486-87; In re Gordon, 988 F.2d at 1001. Since the court must follow Rule 9033 and these Ninth Circuit cases, it concludes that granting Plaintiff's Rule 60(b) motion based on excusable neglect would impermissibly allow Plaintiff to evade the timeliness directions of Rule 9033.[1]

The court will therefore deny Plaintiff's Rule 60(b) motion.

## III.

## DISPOSITION

ACCORDINGLY, IT IS ORDERED THAT:

Plaintiff Infrastructure Service Co., LLC f/k/a Ocean Atlantic Development, LLC's motion for relief from Plaintiff's untimely filing of objections resulting in the court's order accepting and adopting the report and recommendation of the bankruptcy judge pursuant to 28 U.S.C. § 157(c)(1), approving the bankruptcy judge's proposed findings of fact and conclusions of law, and granting Defendants John Firestone's and Hub Management's special motion to strike the complaint pursuant to California Code of Civil Procedure § 425.16 and reconsideration of such order pursuant to Federal Rules of Civil Procedure, Rule 60(b) is DENIED.

8/2/05

DATE

Robert J. Timlin

JUDGE, UNITED STATES DISTRICT COURT

---

[1] Since the court is bound by Rule 9033 and Ninth Circuit precedent, the court declines to follow Hunt v. Parkway Transp., Inc., 265 B.R. 561, 565 (W.D. Tex. 2001), which held that it had discretion to consider untimely objections.

5